UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE WALLACE, | |
|           Plaintiff, | Civil Action No. 17-1416 (MAS) (DEA) |
| v. | **MEMORANDUM AND ORDER** |
| CALVIN BRYANT, et al., | |
|           Defendants. | |

    Plaintiff Jamie Wallace, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Petitioner's first IFP application, on the account that Plaintiff failed to submit a proper six-month prison account statement certified by an authorized prison official as required by 28 U.S.C. § 1915(a). (Order, Mar. 3, 2017, ECF No. 2.) Presently before the Court is Plaintiff's second IFP application (ECF No. 3).

    In this new application, Plaintiff submits a six-month account statement, but it was not certified by an authorized prison official. (*See* ECF No. 4 at 4.) Plaintiff states that a previously-submitted signed proof of income from the prison business office acts as certification for this six-month statement. (*Id.* at 1.) However, the purpose of a certification from a prison official is to verify the authenticity of any attached six-month statement, and a prior certification from a prison official in no way speaks to the authenticity of a later-filed statement. As such, Plaintiff's new IFP application is not in compliance with the statutory requirements, because his six-month statement is not certified. Furthermore, despite submitting monthly account summaries for a period of six months, Plaintiff submits monthly accounting statements for only three of the six months. (*See id.*

at 5-15 (missing monthly accounting statements for August, September, and December).) The missing statements would prevent the Court from accurately determining Plaintiff's monthly income.

IT IS therefore on this 22nd day of March, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is hereby **DENIED WITHOUT PREJUDICE**;

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a proper certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; the writing shall also include a complaint that has been signed by Plaintiff;

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, along with a signed complaint, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE